## Beyer & Co. *v.* Bush & Sons.

*Trover for Conversion of Cotton Bales.*

1. *Lien of factor in Mobile for purchase money of cotton sold.* — In Mobile, a factor who sells cotton for cash has a statutory lien for the payment of the purchase money (Rev. Code, §§ 1164, 1167), which continues for fifteen days from the time he gives a " final order " for delivery to the purchaser, and is superior to the title of a sub-purchaser who buys it before the expiration of the fifteen days.

2. *When trover lies in favor of factor.* — A factor in Mobile, having a statutory lien for the unpaid purchase money of cotton sold by him (Rev. Code, §§ 1164, 1167), may maintain trover for its conversion by a sub-purchaser, who refuses to deliver it on demand.

APPEAL from the Circuit Court of Mobile. Tried before the Hon. JOHN ELLIOTT.

A. R. MANNING, for appellants.

J. L. SMITH, *contra.*

[Beyer *v.* Bush.]

B. F. SAFFOLD, J. — The suit was trover, brought by the appellees against the appellants, for the conversion of two bales of cotton. Judgment was rendered for the plaintiffs, under the charge of the court.

The plaintiffs, as cotton factors in Mobile, sold the cotton to a broker, who was buying for Stanard & Brother. They first gave to the broker what is called a " concentration and examination " order, under which, by virtue of regulations adopted by the " Mobile Board of Trade," a corporation of which all the parties concerned in this transaction were members, he was enabled, without change of title or ownership, to transfer the cotton from the warehouse to a cotton press. There it was examined and reweighed, to see if it corresponded sufficiently with the terms of sale. Having been found to do so, the plaintiffs then gave a " final order," or delivery order proper, for it to the purchaser, which had the effect of passing the title. Stanard & Brother thus obtained it, and, without having paid for it, sold it to the defendants, receiving payment from them. After this, but within fifteen days from their sale to the broker, the plaintiffs demanded the cotton of the defendants, because they had not been paid for it. This demand was refused, and the defendants appropriated it to their own use. The regulations referred to provide, that when the " final order " is given, the factor, or seller, shall have the right to demand immediate payment. The court charged, in effect, that the plaintiffs had a lien on the cotton, and were entitled to recover.

Section 1164 of the Revised Code embodies two statutes: one of February 10th, 1852, " No cotton, sold by commission merchants to brokers or buyers, shall be considered as delivered, and the ownership given up, until the same is fully paid for." The other, of February 6th, 1858, " When a contract for the sale of cotton is made in the city of Mobile, by a factor, the contract is complete, and the title to the cotton vests in the purchaser, when the cotton itself, or an order for it on any warehouseman with whom it is stored, is delivered to the purchaser, his broker, or agent, and not before ; but such cotton is subject to the lien of the seller, hereinafter provided," &c. The lien provided is contained in R. C. § 1167 : " When a contract is made in the city of Mobile, by a factor, for the sale of cotton, and, by the general usage of the trade in that city, it is considered a sale for cash, but by such usage the purchaser, his broker, or agent, is allowed a reasonable time to examine, reweigh, and resample such cotton before paying for it, the seller shall have a lien, and a lien is hereby given him on such cotton, for the purchase money ; which lien is paramount to any sale or transfer of the cotton by such purchaser, and

[Stoddard v. Davis.]

shall continue for fifteen days from the time when the cotton, or an order for its delivery on any warehouseman with whom it was stored, was delivered to the purchaser, his factor, or agent, and no longer."

1. By these laws, the lien is to commence with the acquisition of the title by the purchaser, when the cotton is sold in Mobile. The "final order" of the regulations is such a one as the statute declares shall have the effect to vest the title in the purchaser. The regulations of the "Board of Trade" were made in view of the statute, and, as there is no conflict between them, it cannot be held that they were intended to limit or supersede the lien by contract. There could be no sale of cotton to a subsequent purchaser, by the broker, on a "concentration and examination order." The lien arises only on the passage of the title from the vendor to the vendee.

2. The action of trover will lie, because the statute (R. C. § 1168) expressly provides, that the seller, having the lien, may take possession of the cotton, and sell it at private sale, and apply the proceeds to the payment of the purchase money due to him therefor. A sufficient property in the goods, and a right to their immediate possession, existed in the plaintiffs. 1 Chit. Plead. 148–49; *Gifford* v. *Ford*, 5 Vermont, 532; *Ripley* v. *Dolbier*, 6 Shepley, 382; *Willard* v. *Rice*, 11 Metcalf, 493. The lien is not merely an equitable right, to be enforced by equitable remedy. It is more akin to the right of a mortgagee of personal property. There was no error in the charge of the court.

The exception taken to evidence, if sustained, could not vary the result from the facts agreed to by both parties.

The judgment is affirmed.